IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 13, 2015 at Knoxville

## JUNIOR P. SAMUEL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2007-A-240     Steve R. Dozier, Judge**

---

**No. M2015-00829-CCA-R3-PC – Filed October 22, 2015**

---

The petitioner, Junior P. Samuel, appeals pro se from the summary dismissal of his 2015 petition for post-conviction relief, which challenged his 2009 convictions of rape and sexual battery by an authority figure.  Because the petition was filed beyond the applicable statute of limitations, because this is the petitioner's second successive petition for post-conviction relief, and because the petitioner failed to prove a statutory exception to the timely filing or a due process tolling of the statute of limitations, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Junior P. Samuel, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Sharon Reddick, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

        In 2008, a Davidson County Criminal Court jury convicted the petitioner of five counts of rape and one count of sexual battery by an authority figure, and, in 2009, the trial court imposed an effective sentence of 32 years in prison.  This court affirmed the convictions on direct appeal.  *State v. Junior P. Samuel*, No. M2009-01192-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Nashville, June 7, 2011).  On April 1, 2013, the petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel.  The post-conviction court summarily dismissed the petition as untimely filed,

and this court affirmed the dismissal. *Junior P. Samuel v. State*, No. M2013-01272-CCA-R3-PC, slip op. at 1, 2 (Tenn. Crim. App., Nashville, Apr. 25, 2014).

On March 3, 2015, the petitioner filed a second petition for post-conviction relief, alleging that his underlying convictions were void because he was not present at his sentencing hearing. The post-conviction court again summarily dismissed the petition, deeming it time barred and further finding that the petitioner was in fact present during the sentencing hearing.

On appeal, the petitioner challenges the summary dismissal of his 2015 petition, arguing that the post-conviction court erred by dismissing his petition. Specifically, the petitioner contends that "the statute of limitations does not apply in this case because the sentences are illegal and therefore void" due to the petitioner's absence from the sentencing hearing. The State responds that the petition was not timely filed.

"[A] person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a). "If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition. The order shall state the reason for the dismissal and the facts requiring dismissal." *Id.* § 40-30-106(b). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met]."). Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

A petition for post-conviction relief filed outside the one-year statute of limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such

petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b)(1)-(3). Additionally, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). To determine whether due process principles require tolling of the statute of limitations, we must determine "when the limitations period would normally have begun to run"; "whether the grounds for relief actually arose after the limitations period would normally have commenced"; and "if the grounds are 'later arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

In the instant case, the petitioner challenged his convictions via a second post-conviction petition filed in 2015, nearly four years after the judgments became final. The statutory grounds for the tolling of the statute of limitations are not applicable. Moreover, due process principles do not mandate the tolling of the statute of limitations because the petitioner's claim for relief is not "later arising." In addition, the instant petition is the second petition for post-conviction relief filed by the petitioner. "In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c).

For all of the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE